FILED
SUPERIOR COURT
OF GUAM

7071 JAN 25 AM 11: 22

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| AXE MURDERER TOURS GUAM, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORI GOBIN, WALTER CLAY GOBIN, WILLIAM MELTON, WASSANA MCCANN, MICRONESIAN DIVERS ASSOCIATION, LEE WEBBER, BANGKOK DESIGN INTERNATIONAL LLC, and DOES 1 through 10, inclusive <br><br> Defendant. | CIVIL CASE NO.: CV1299-17 <br><br> **DECISION AND ORDER** <br> Re: Defendant's Motion for Leave to Amend Answer |

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on January 14, 2021, upon Defendant's Motion for Leave to Amend Answer. Plaintiff, Axe Murderer Tours Guam, Inc. ("AMT"), is represented by Jeffrey A. Cook, Esq. The Defendants, Micronesian Divers Association & Lee Webber ("MDA"), are represented by Geri E. Diaz. For the reasons set forth below, having reviewed the moving papers and the arguments therein, the Court **GRANTS** Defendant MDA's Motion for Leave to Amend Answer.

# BACKGROUND

On December 19, 2017, AMT filed its Complaint against MDA and others. See Compl. (Dec. 19, 2017). On January 30, 2018, the MDA filed their answer. See Answer (Jan. 30, 2018). Other co-defendants filed their answers on March 29, 2018, and December 14, 2018 respectively. On December 4, 2018, the parties entered into a stipulation under which AMT dismissed its Third Cause of Action. See Stipulation and Order to Dismiss Third Cause of Action (Dec. 4, 2018). Defendants William Melton, Wassana McCann, and Bangkok Design International, LLC were dismissed with prejudice under a stipulation entered into by the parties. See Stipulation and Order to Dismiss with Prejudice (June 19, 2020).

This Court issued a Scheduling Order on April 29, 2019, under which a trial was scheduled for October 7, 2019. Def.'s Mot. for Leave to Amend Answer (Oct. 30, 2020). The parties entered into a stipulation order under which the Scheduling Order be amended to include, among other extensions, that the "[d]iscovery cut-off date will be January 15, 2021," and trial is to be held on August 17, 2021. See Stipulation and Order to Amend Scheduling Order and Discovery Plan (Dec. 7, 2020).

MDA filed the instant motion on October 30, 2020, seeking leave to amend their answer, originally filed on January 30, 2018, to include an affirmative defense of statute of limitations. Def.'s Mot. for Leave to Amend Answer (Oct. 30, 2020). MDA's co-defendant's filed a non-opposition to the motion on November 30, 2020. See Def.'s Non Opposition to Def.'s Mot. for Leave to Amend Answer (Nov. 30, 2020). At a Further Proceedings hearing on January 14, 2021, the Court took this matter under advisement without a Motion Hearing on the consent of the parties.

# DISCUSSION

The Guam Rules of Civil Procedure provide, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." GRCP 15(a). The Guam Supreme Court also instructs that when considering whether to allow an amendment, a court should review whether there has been "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Arashi & Co. v. Nakashima Enter.*, 2005 Guam 21 ¶ 16.

Guam Rules of Civil Procedure, Rule 15(a) was derived from Federal Rule of Civil Procedure 15(a), and thus interpretations of the federal rule are persuasive in interpreting the Guam rule. See *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp*, 2016 Guam 35 ¶ 40; See also GRCP 15(a), source note. The freedom to amend a pleading "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Further, a lengthy delay is "not alone enough to support denial, [but] is nevertheless relevant," and the fact that "new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense . . . is not fatal to amendment." *Id.* Finally, the "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

In response, AMT argues that Guam Rules of Civil Procedure, Rule 8(c) provides, "that affirmative defenses should be pled in response to a preceding pleading." Pl.'s Opp'n to Mot. for Leave to Amend Answer (Nov. 25, 2020). Further, AMT argues that allowing an amended answer raising an affirmative defense of statute of limitations would cause undo prejudice against them due to the necessary continuance of discovery to understand the basis of such a defense. *Id.*

The Ninth Circuit has held that an affirmative defense of statute limitations, included for the first time in an amended pleading would not prejudice the opposing party "because the limitations rule, if applicable, would be effective at the outset of . . . suit," and "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (*reversed* in part on other grounds). See also *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Thus, as a successful statute of limitations defense would be dispositive

had it been asserted in the initial answer, AMT is not prejudiced by its inclusion in an amended answer.

Next, AMT argues that a reopening of discovery would delay the proceedings and thus cause prejudice. See *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend complaint"). However, here, the parties have agreed to a stipulation that scheduled trial for August 17, 2021. See Stipulation and Order to Amend Scheduling Order and Discovery Plan (Dec. 7, 2020). Thus, more discovery would not necessarily delay the proceedings. Further, even if discovery would delay the proceedings, two other co-defendants have asserted the affirmative limitations defense, and thus AMT was aware of the defense generally, and has presumably already conducted discovery on the matter. See Answer of Corri Gobin and Walter Clay Gobin at 5 (Dec. 14, 2020); See also Answer of William Melton, Wassana McCann, and Bangkok Design International, LLC at 4 (Mar. 29, 2020). Finally, although MDA has ample time to amend the answer before this point, "delay is not a dispositive factor in the amendment analysis." *Lockheed Martin Corp.*, 194 F.3d 980, 986 (9th Cir. 1999).

Therefore, as AMT is not prejudiced by allowing leave to file an amended answer, Guam Rules of Civil Procedure, Rule 15(a), requires this Court to permit the amendment.

## Conclusion

Based on the foregoing, Defendant's Motion for Leave to Amend Answer is **GRANTED**.

**SO ORDERED** this ___01/25/2021___

The Honorable Anita A. Sukola
Judge, Superior Court of Guam